[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has filed a motion for contempt coded #144. The court enters the following findings and orders regarding that motion.
1. The motion for contempt is denied.
2. No counsel fee are awarded in favor of either party.
3. The defendant shall retain in his 401K account a one-half (1/2) credit for all payments which he has paid against the loan balance in the amount of Two Thousand Fifty Seven and 14/100 ($2,057.14) as of the date of dissolution. Said payments total Nine Hundred Forty Three and 16/100 ($943.16) as of November 2, 1998. The defendant shall be entitled to a fifty percent (50%) credit of said amount which is Four Hundred Seventy One and 58/100 ($471.58) as of November 2, 1998.
4. The defendant shall retain in his 401K account 12 1/2% of the Two Thousand One Hundred and Eleven and 14/100 ($2,111.14) pension contribution made by his employer since the date of dissolution which amounts to Two Hundred Sixty Four and 27/100 ($264.27). That pension contribution vested between May 1997 and April 30, 1998. The 12 1/2% represents the approximate 1 1/2 months that accrued since the date of dissolution.
5. After crediting the defendant for one-half (1/2) of the 401K loan payments, as well as the 12 1/2% of Two Thousand One Hundred and Fourteen and 14/100 ($2,114.14), the plaintiff shall transfer to a separate account 50% of the remaining proceeds of the 401K account as of the date that the qualified domestic relations order is implemented.
6. The plaintiff's counsel shall prepare a QDRO consistent CT Page 325 with the above orders within two weeks of this order and forward to Defendant's counsel. Defendant's counsel will consult with the plan trustee and advise Plaintiff's counsel of any requested changes within two weeks. The QDRO will be finalized and signed by both counsel and submitted to the court within 30 days of this order for approval. Upon approval of the QDRO, the parties will cooperate to implement a transfer of funds to an account opened by Plaintiff.
7. The court retains jurisdiction as necessary to effectuate the transfer of 401K benefits to the Plaintiff.
Axelrod, J.